```
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
  THE TRAVELERS INDEMNITY COMPANY,

                                  Plaintiff,

              -against-

  OHIO SECURITY INSURANCE COMPANY and
  THE OHIO CASUALTY INSURANCE COMPANY,

                                  Defendants.
------------------------------------------------------------------X
```

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendants, OHIO SECURITY INSURANCE COMPANY ("Ohio Security") and THE OHIO CASUALTY INSURANCE COMPANY ("Ohio Casualty"), alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Ohio Security is obligated to defend and indemnify Hunters Brook Condominium Association ("Hunters Brook"), Heritage Management Services, LLC ("Heritage"), and Paul Boogaard (collectively the "Tort Defendants") in connection with an underlying action asserting claims for injuries allegedly sustained by the underlying plaintiff, Carol S. Palmentiero (the "Claimant").

2. In this action, Travelers seeks a declaration that Ohio Casualty is obligated to provide coverage to the Tort Defendants in connection with an underlying action claiming injuries allegedly sustained by the Claimant once the applicable limits of underlying coverage are exhausted.

### Parties

3. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Ohio Security was and is a New Hampshire corporation with a principal place of business in Boston, Massachusetts licensed to conduct business in New York.

5. Upon information and belief, at all times relevant hereto, Ohio Casualty was and is a New Hampshire corporation with a principal place of business in Boston, Massachusetts licensed to conduct business in New York.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201. Specifically, Travelers seeks defense and indemnity and reimbursement in connection with an underlying personal injury action, all of which is reasonably expected to exceed the jurisdictional limit.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Ohio Security

9. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Ohio Casualty.

10. Travelers has no adequate remedy at law.

**Insurance Policies**

11. Travelers issued to Hunters Brook a Commercial General Liability Policy bearing policy number 680-2J011910-19-42 with effective dates of March 1, 2019 to March 1, 2020 (the "Travelers Policy").

12. The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. The Travelers Policy contains excess "other insurance" clauses that provide that coverage under the Travelers Policy is excess over any other coverage available to the Tort Defendants.

14. Defendant Ohio Security issued to Scenic Landscaping, Inc. ("Scenic") a Commercial General Liability policy bearing policy number BKS 57631514 with effective dates of January 4, 2020 to January 4, 2021 (the "Ohio Security CGL Policy").

15. The Ohio Security CGL Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

16. By endorsement CG 88 10 04 13, the Ohio Security CGL Policy provides in pertinent part as follows:

**G. ADDITIONAL INSUREDS - BY CONTRACT, AGREEMENT OR PERMIT**

1. Paragraph 2. under Section II - Who Is An Insured is amended to include as an insured any person or organization whom you have agreed to add as an additional insured in a written contract, written agreement or permit. Such person or organization is an additional insured but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole or in part by:

   a. Your acts or omissions, or the acts or omissions of those acting on your behalf, in the performance of your on going operations for the additional insured that are the subject of the written contract or written agreement provided that the "bodily injury" or "property damage" occurs, or the "personal and advertising injury" is committed, subsequent to the signing of such written contract or written agreement; . . . .

17. The Ohio Security CGL Policy further provides that additional insurance protection

will apply on a primary and non-contributory basis if the "additional insured's policy has an Other Insurance provision making its policy excess, and you have agreed in a written contract or written agreement to provide the additional insured coverage on a primary and non-contributory basis . . . ."

18. Upon information and belief, the Ohio Security CGL Policy provides coverage to the Tort Defendants as additional insureds.

19. Defendant Ohio Casualty issued to Scenic a Commercial Umbrella Policy bearing policy number USO 2157631514 with effective dates of January 4, 2020 to January 4, 2021 (the "Ohio Casualty Umbrella Policy").

20. By endorsement CU 88 39 07 14, the Ohio Casualty Umbrella Policy defines the term "insured" to include "[a]ny person or organization who qualifies as an insured in the 'underlying insurance' . . . ."

21. The Ohio Casualty Umbrella Policy identifies the Ohio Security CGL Policy as "underlying insurance" in its Schedule of Underlying Insurance.

22. Upon information and belief, the Ohio Casualty Umbrella Policy provides coverage to the Tort Defendants as additional insureds.

**Background Facts**

23. By way of contracted dated February 23, 2019, Scenic agreed to perform snow and ice removal for Hunters Brook Condominium from April 1, 2019 through March 31, 2022 ("Snow Removal Contract").

24. In the Snow Removal Contract, Scenic further agreed to name Hunters and its directors, officers, and "managing agent" as "named insureds" on its policy of liability insurance with a limit of $2,000,000.

25. The Claimant has asserted claims in a lawsuit against the Tort Defendants in the State of New York, County of Westchester, under Index No. 60394/2021 (the "Underlying Action").

26. In the Underlying Action, the Claimant alleges that, on January 20, 2020, she flipped and fell due to ice and snow in a parking lot of the Hunters Brook Condominium.

27. In the Underlying Action, the Claimant asserts causes of action against the Tort Defendants for injuries she allegedly sustained in the fall based on theories of negligence.

28. Travelers is currently providing a defense and indemnity to the Tort Defendants in the Underlying Action.

29. In the Underlying Action, the Claimant seeks to recover for alleged injuries which were caused in whole or in part by Scenic's acts or omissions or the acts or omissions of those acting on Scenic's behalf.

## Tenders to Ohio Security and Ohio Casualty

30. By letter correspondence dated August 19, 2021, Travelers tendered the defense and indemnity of the Tort Defendants to Ohio Security and Ohio Casualty.

31. Travelers has renewed its tenders to Ohio Security and Ohio Casualty on several occasions.

32. To date, Ohio Security has failed and refused to accept the defense and indemnification of the Tort Defendants in connection with the Underlying Action.

33. Accordingly, Travelers seeks a declaration that Ohio Security has an obligation to defend and indemnify the Tort Defendants as additional insureds; that the coverage provided by the Ohio Security CGL Policy is primary; and that Travelers' obligation to the Tort Defendants in the Underlying Action is excess to proper exhaustion and full payment of the limits of the Ohio

Security CGL Policy.

34. In addition, Travelers seeks an award at law and equity against Ohio Security for recovery of all sums Travelers has incurred and continues to incur in the defense of the Tort Defendants in the Underlying Action because the coverage provided by the Ohio Security CGL Policy is primary to any coverage provided by Travelers.

### Claim for Declaratory Relief

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Ohio Security CGL Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Ohio Security CGL Policy have been complied with and met.

3. Declaring that the alleged accident and the Underlying Action falls within the coverage afforded by the Ohio Security CGL Policy.

4. Declaring that Ohio Security owes a duty to defend the Tort Defendants in connection with the Underlying Action.

5. Declaring that Ohio Security owes a duty to indemnify the Tort Defendants in connection with the Underlying action.

6. Declaring that Ohio Security's coverage obligation to the Tort Defendants in connection with the Underlying Action is primary.

7. Declaring that Plaintiff Travelers' coverage obligation under the Travelers Policy is excess to those of Ohio Security with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and

Defendant Ohio Security with respect to Ohio Security's duty to defend and indemnify the Tort Defendants in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Ohio Security for all sums Travelers has paid in defending the Tort Defendants as to the Underlying Action.

10. Declaring that the Ohio Casualty Umbrella Policy was in full force and effect on the date of the alleged accident.

11. Declaring that all terms and conditions of the Ohio Casualty Umbrella Policy have been complied with and met.

12. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Ohio Casualty Umbrella Policy.

13. Declaring that Defendant Ohio Casualty owes a duty to defend the Tort Defendants in connection with the Underlying Action.

14. Declaring that Defendant Ohio Casualty owes a duty to indemnify the Tort Defendants in connection with the Underlying Action.

15. Declaring that Defendant Ohio Casualty's coverage obligations to the Tort Defendants in connection with the Underlying Action are primary.

16. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Ohio Casualty with respect to the Underlying Action.

17. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

18. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
February 21, 2024

USERY & ASSOCIATES

By: */s/ Logan A. Carducci*
Logan A. Carducci, Esq.
*Attorneys for Plaintiff—*
*The Travelers Indemnity Company*
Direct: 917.778.6680
Fax: 844.571.3789
Email: lcarducc@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York NY 10017